Withet, J., dissenting: I must dissent from the majority opinion in this case for the reason that under the facts found there is not the continuity of sales necessary for the conduct of a business within the meaning of section 117 (a) (1) of the Internal Revenue Code of 1939. In support of its decision, the majority has cited Nathan D. Goldberg, 22 T. C. 533; Louis Greenspon, 23 T. C. 138; and Philber Equipment Corporation, 25 T. C. 88. These cases as a matter of fact by corollary are authority for the opposite conclusion. In Nathan D. Goldberg, supra, ninety separate sales transactions of houses were consummated in 1946. In the area where the sales were made there was a heavy demand for houses; there was a ready market. In Louis Greenspon, supra, 138 sales transactions involving metal piping were carried on during the 2 years at issue. Sales were made to customers who were the ultimate users of such pipe and who comprised the customer list of a corporation with whom petitioner had been identified. In Philber Equipment Corporation, supra, petitioner, through a used car dealer, during the fiscal year there involved sold 40 motor vehicles. The existence of customers constituting a ready market for used cars should be judicially noticed. In the case at bar, but four sales transactions took place between June 18,1948, and September 11, 1950. There was no market for the bomb hoists involved. They were designed and useful only for the specialized purpose of hoisting bombs into the bomb bays of military aircraft. Petitioner individually made no sales of the hoists, secured no customers for them, employed no sales force, maintained no inventory of the hoists, nor any independent business office in connection with their sale. In fact, a more passive attitude toward sales than that exhibited by petitioners cannot readily be called to mind. See Thomas E. Wood, 16 T. C. 213; George R. Kemon, 16 T. C. 1026; Stern Brothers & Co., 16 T. C. 295.